UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN M. SEELING; VIKKI L. SEELING,<br><br>Plaintiffs,<br><br>v.<br><br>OLD VEGAS MANOR AND ESTATES HOMEOWNERS ASSOCIATION; OLD VEGAS RANCH LANDSCAPE MAINTENANCE ASSOCIATION; TOMMY URIBE; LARRY FRESINKSI; MARGARET DENISE GUBLER; MARLA HOWARD; FIRST SERVICE RESIDENTIAL NV; RICKY J. MCANALLY; DOES I-X; ROE CORPORATIONS I-X,<br><br>Defendants. | Case No. 2:20-cv-01976-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendants Old Vegas Ranch Landscape Maintenance Association and Ricky J. McAnally's Motion for Order to Compel Plaintiffs to File a Sworn Statement to Address Apparent Ghost-Lawyering and Ghost-Writing Assistance and for Related Relief. ECF No. 24. The Court has considered Defendants' Motion, Plaintiffs' Notice of Non-Opposition together with the Declarations attached thereto (ECF No. 32), Defendants Old Vegas Manor and Estates Homeowners Association, Tommy Uribe, Larry Fresinski, Margaret Denise Gubler, Marla Howard, and First Service Residential NV's Joinder to Motion (ECF No. 38) and, the Joint Reply (ECF No. 34).

Defendants' Motion provides a history of filings in this case that create the appearance, and potential actuality, that Plaintiffs were (or are) receiving ghost lawyering or ghost writing assistance, which is severely disfavored by this federal court and the State of Nevada. In response, Plaintiffs filed a Notice of Non-Opposition to which two Declarations were attached. These Declarations are identical with the exception of the name of the declarant and the signatures. The Declarations state: "I … declare under penalty of perjury that I have not received any assistance from an attorney in the drafting of any of the pleadings or motion-related papers that have been filed in Case No. 2:20-cv-

1

01976-APG-EJY." ECF No. 32 at 4-5. Plaintiffs argue that their Declarations render Defendants' Motion moot. In Reply, Defendants argue the issue presented by their Motion is not moot because the practice of ghost lawyering and writing includes the general prohibition against assistance from non-lawyers who nonetheless have legal training such as paralegals and legal assistants.

In *Handley v. Bank of Amer., N.A.*, 2:10-cv-01644-RLH-PAL, 2010 WL 4607014, at *1 (D. Nev. Nov. 4, 2010), the then-Chief Judge of the United States District Court for the District of Nevada explained:

> In a Nevada court of law, only a licensed attorney—an active member of the State Bar of Nevada admitted to practice under the Nevada Supreme Court Rules ("SCR")—is duly authorized to represent a client. … An individual engages in the unauthorized practice of law when he engages in activities customarily performed by licensed attorneys. … Examples of such activities include evaluating legal claims, filing documents, and appearing in court on behalf of someone else. *Id.* In addition, a person who engages in the unauthorized practice of law may face criminal charges.
>
> Although an individual is entitled to represent himself or herself in the district court, no rule or statute permits a non-attorney to represent any other person, a company, a trust, or any other entity in Nevada courts. … Therefore, an individual has no right to be represented by an agent other than counsel in a court of law. ... The overarching reason for requiring that only lawyers engage in the practice of law is to ensure that the public is served by those who have demonstrated training and competence and who are subject to regulation and discipline.

(Internal citations and quote marks omitted.)

Here, Plaintiffs affirm they have not received assistance from an attorney when drafting any documents filed in this case with the Court. This representation is good as far as it goes. However, the Court requires more of the Plaintiffs.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs shall each submit a declaration under penalty of perjury swearing, if true, that he/she has received no assistance of any kind from anyone with legal training for purposes of preparing, proofing or filing documents with the Court. The declarations shall be provided within five (5) court days of the date of this Order.

IT IS FURTHER ORDERED that Plaintiffs shall either explain in their respective declarations why they are unable or unwilling to speak with opposing counsel by phone or meet in

person or shall henceforth cooperate in communications that include, as appropriate, telephone, video, and in person communications.

Dated this 19th day of April, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE