UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN M. SEELIG; VIKKI L. SEELIG,<br><br>Plaintiffs,<br><br>v.<br><br>OLD VEGAS MANOR AND ESTATES HOMEOWNERS ASSOCIATION; OLD VEGAS RANCH LANDSCAPE MAINTENANCE ASSOCIATION; TOMMY URIBE; LARRY FRESINKSI; MARGARET DENISE GUBLER; MARLA HOWARD; FIRST SERVICE RESIDENTIAL NV; RICKY J. MCANALLY; DOES I-X; ROE CORPORATIONS I-X,<br><br>Defendants. | Case No. 2:20-cv-01976-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Joint Motion to Stay Discovery Pending Outcome of Pending Motions. ECF No. 59. The Motion was filed by Defendants Old Vegas Manor and Estates Homeowners Association ("OVME"), Tommy Uribe, Larry Fresinski, Margaret Denise Gubler, Maria Howard, First Service Residential NV, Old Vegas Ranch Landscape Maintenance Association ("OVRLMA"), and Ricky J. McAnally (collectively "Defendants"), who seek to stay discovery while the Court decides a Motion to Dismiss and two Motions for Judgment on the Pleadings (ECF Nos. 6, 52, and 55). Plaintiffs Stephen and Vikki Seelig oppose the Motion to Stay. ECF No. 60. The Court has reviewed Defendants' Motion, Plaintiffs' Response, and Defendants' Reply and finds as follows.

**I.    BACKGROUND**

Plaintiffs Stephen and Vikki Seelig filed this lawsuit seeking relief against the eight named Defendants for various alleged injuries relating to Plaintiffs' property in the Old Vegas and Manor and Estates community. ECF No. 5. Plaintiffs' claims arise out of several alleged disputes with various members of the community, the Homeowner's Association, and the Landscape Maintenance Association, as well as the representatives of these institutions. *See generally* ECF No. 11.

Plaintiffs' alleged entitlement to relief derives, in part, from Mr. Seelig's 100% disability status as assessed by the Veteran's Administration. Plaintiffs' Complaint (ECF No. 11) describes a dispute with their neighbor, Defendant Gubler, over a shared wall separating their properties, as well as allegations that Plaintiffs were denied access to a pedestrian gate in their planned community. *See generally*, ECF No. 11. Plaintiffs also reference additional conflicts with various community individuals and representatives, such as "disputes over surveillance camera placement, street parking, police reports, and a call to a veterans' suicide hotline." ECF No. 58. Plaintiffs assert 34 claims in total, including "Americans with Disabilities Act (ADA) violations, Fair Housing Act (FHA) violations, state law equivalents, breach of contract, breach of fiduciary duties, fraud, negligent misrepresentation, civil conspiracy, negligent supervision, and intentional infliction of emotional distress." ECF No. 60 at 2.

Defendants characterize Plaintiffs' action as "retaliatory (and meritless)," and argue that the 34 overlapping claims "show[] no sign of the sort of common-sense filtering that would normally accompany the pre-litigation drafting of a complaint, and, instead, reads like a laundry list of perceived slights." ECF No. 59 at 9. In an attempt to "streamline" the litigation and determine which, if any, of the various claims are operable against which parties, Defendants filed a Motion to Dismiss as to Defendant McAnally (ECF No. 6), a Motion for Judgment on the Pleadings (ECF No. 52) by Defendants OVME, Uribe, Fresinski, Gubler, Howard, and FSR, and a Motion for Judgment on the Pleadings by Defendants OVRLMA and McAnally (ECF No. 55). In light of the pending Motions, Defendants ask for a stay of discovery in order to conserve resources and minimize the need for Court intervention while the Court determines which of Plaintiffs' claims will proceed. ECF No. 59. Defendants argue that the three Motions together are potentially dispositive; that their resolution will eliminate "entire fields of discovery inquiry and expense" even if only some of the Motions are granted.[1] *Id.* at 9. In particular, Defendants argue that a stay is needed before the parties begin to engage in depositions and involve experts. *Id.* at 14.

---

[1] In support of their Motion, Defendants include a table of the various causes of action at issue, the defenses thereto, and how each claim will be affected if Defendants' Motions are granted. *See* ECF No. 59 at 10-12.

2

1  Defendants also argue Plaintiffs' behavior over the course of litigation calls into question their ability to resolve discovery issues efficiently and without Court intervention. At the meet-and-confer telephone conference between the parties, Plaintiffs refused to provide documents Defendants requested pertaining to Plaintiff Stephen Seelig's disability and the damages computations in this case. *Id.* Plaintiffs insisted that they would not turn over the relevant medical records absent a court order or for in-camera review by the Court. ECF No. 60 at 5. Further, Defendants challenge Plaintiffs' refusal to stay discovery, and argue that Plaintiffs provided no reason for opposing the stay despite Defendants' good-faith attempt to come to an agreement. ECF No. 59 at 3. Defendants in their Reply brief also allege that Plaintiffs refused to agree to a visual inspection of the shared wall at issue in select causes of action, despite Plaintiffs previously agreeing to such an inspection. ECF No. 61 at 3. The reason Plaintiffs apparently gave is that they had already produced documents that support their position and therefore they would not allow Defendants to conduct their own inspection. *Id.* at 4. Defendants argue that these such incidents together reflect Plaintiffs' "apparent mistaken belief that they need only produce a bare minimum amount of information that they believe is favorable to their claims … while withholding other information." *Id.*

In response, Plaintiffs argue that Defendants have outstanding discovery to complete, and that a stay of discovery would deny Plaintiffs the chance to resolve issues "pertinent to the success of Plaintiffs' claims." ECF No. 60 at 3. Plaintiffs claim that Defendants are attempting to "freeze the case" by means of a stay and allege that such a stay would be "highly prejudicial" for their case. Plaintiffs do not specify the prejudice that will occur if discovery is temporarily stayed for the purposes of resolving Defendants' pending Motions. Further, Plaintiffs do not substantively address Defendants' arguments that a stay is needed to conserve resources and clearly establish which claims are operable against which defendants. Plaintiffs dedicate the majority of their Response to complaining about Defendants' behavior in the parties' telephonic meet-and-confer and to arguing the merits of their position. *See* ECF No. 60.

## II.   DISCUSSION

The Court has inherent power to manage proceedings by ordering a stay of discovery. *Bacon v. Reyes*, Case No. 2:12-cv-01222-JCM, 2013 WL 5522263, at *5 (D. Nev. Oct. 3, 2013). Further,

3

a motion to stay discovery, while far from automatic, is appropriate (1) when issues before the Court in a motion are questions of law the outcomes of which are potentially case dispositive and (2) there is no need for further exploration of facts. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). The question of whether a stay is warranted is guided by Rule 1 of the Federal Rules of Civil Procedure requiring the Rules "'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Id.* With Rule 1 in mind, a court deciding on a motion to stay discovery considers "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id.* at 603.

Defendants' Motions, if granted, will have significant case dispositive impact. At least one Defendant in this case, Mr. McAnally, would be dismissed from the case entirely if his Motion is granted. ECF No. 59 at 8. The information Defendants provide confirms that, if granted, the pending Motions would leave none of Plaintiffs' 34 claims unaffected. *See* ECF No. 59 at 10-12. As Defendants point out, even if fewer than all three of the Motions are granted, the likelihood that significant areas of dispute will be resolved upon dismissal of a portion of the 34 claims is high. *Id.* at 12. For example, Defendants contend that their Motions bring crucial issues of standing to Plaintiff Vikki Seelig's connection to the facts of the case as the Motions threaten to dismiss the majority of Plaintiff Vikki's claims, which Defendants argue are duplicative of those her husband brings. *Id.* at 12, 15. Defendants also identify entire categories of claims that would be dismissed if even one of the Motions is granted such as Plaintiffs' allegations of intentional infliction of emotional distress ("IIED"). *Id.* at 14. The Court finds the pending Motions sufficiently dispositive for purposes of the two-factor test.

When evaluating the second factor, "the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Tradebay*, 278 F.R.D. at 602. A "preliminary peek" here reveals that the merits of the case support a stay. The challenges Defendants raise in their Motions are largely based on questions of law that may be decided without further factual development. *See* ECF Nos. 6, 52, 55, 59 at 13.

The challenges include failure to state a claim for IIED as a matter of law, issues related to permissible damage awards under state statutes, and that certain individual defendants may not be sued under the theories of liability Plaintiffs advance. ECF No. 59 at 10-13.

Even if the merits of the pending Motions would require some limited fact-discovery not already completed, this need must be weighed against Rule 1's preference for expediency and efficiency in the litigation process. *Tradebay*, 278 F.R.D. at 603.[2] Plaintiffs' IIED claims, for example are fertile ground for discovery disputes, as these claims will likely entail expert testimony at great cost to both parties. This is especially so given Plaintiffs' refusal to provide the full extent of their medical records, despite claiming Defendants caused them "depression, paranoia, nightmares, and anxiety." ECF No. 59 at 14. The same is true for Plaintiffs' claims under the ADA and Nevada equivalents, which likely cannot be addressed without retaining experts. ECF No. 59 at 12. Further, Plaintiffs represented that they will not produce medical records without Court intervention, ECF No. 60 at 4-5, and have repeatedly demonstrated an unwillingness to resolve discovery disputes without such intervention. *See, e.g.*, *id.* at 5 (Plaintiffs refused to provide a computation of damages because "this item was not listed on the agenda" for the meet-and-confer).

Given the state of the litigation at present, the Court foresees a risk that significant time and money being unnecessarily expended should discovery proceed while ECF Nos. 6, 52, and 55 are pending. Because the Motions have the potential to be dispositive, raise meritorious issues primarily on issues of law, and because their resolution promises to "streamline" the discovery process significantly, the Court finds that a stay is appropriate. ECF No. 59 at 8; *Tradebay*, 278 F.R.D. at 602-603.

---

[2] The parties have already engaged in meaningful discovery, including multiple rounds of written discovery and record production. ECF No. 59 at 14.

5

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' Joint Motion to Stay Discovery Pending Outcome of Pending Motions (ECF No. 59) is GRANTED.

Dated this 18th day of November, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE