UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHEN M. SEELIG; VIKKI L. SEELIG,<br><br>Plaintiffs,<br><br>v.<br><br>OLD VEGAS MANOR AND ESTATES HOMEOWNERS ASSOCIATION; OLD VEGAS RANCH LANDSCAPE MAINTENANCE ASSOCIATION; TOMMY URIBE; LARRY FRESINKSI; MARGARET DENISE GUBLER; MARLA HOWARD; FIRST SERVICE RESIDENTIAL NV; RICKY J. MCANALLY; DOES I-X; ROE CORPORATIONS I-X,<br><br>Defendants. | Case No. 2:20-cv-01976-APG-EJY<br><br>**ORDER** |

**I.    BACKGROUND**

Pending before the Court is Defendants' Joint Motion to Extend Stay of Discovery Entered on November 18, 2021. ECF No. 64. The Court has considered Defendants' Joint Motion and Plaintiffs' Opposition (mislabeled a reply). ECF No. 65.

Defendants' Motion details a series of events pertaining to efforts to conduct discovery in mid-November in which Plaintiffs failed to cooperate. ECF No. 64 at 4-6. The Motion further notes the Court granted a Motion to Stay Discovery on November 18, 2021. ECF No. 62. On December 6, 2021, the Court issued an Order granting, in part, Defendants' Motion to Dismiss and for Judgment on the Pleadings. ECF No. 63. While two of Plaintiffs' claims were dismissed with prejudice, the remaining claims on which Defendants sought dismissal were dismissed without prejudice and with leave to amend. *Id.* Plaintiffs filed a third Amended Complaint on December 27, 2021. ECF No. 66.

Defendants' instant Motion seeks to extend the prior stay of discovery because "only a small portion of the pleadings in the case" have been settled. ECF No. 64 at 10. Defendants argue that remaining claims, which may implicate the need to gather medical records and obtain expert

testimony, are unresolved. *Id*. Defendants state a Rule 35 independent medical exam may also be requested if certain remaining claims dismissed without prejudice are repleaded and survive subsequent motion practice. *Id*. at 10-11.

In response, Plaintiffs discuss prior discovery disputes arguing that Stephen Seelig suffers from post-traumatic stress disorder that is "easily triggered when someone questions his integrity or character." ECF No. 65 at 5. Plaintiffs further contend that Defendants have had substantial "time to resolve expert testimony issues, to inspect the community, to inspect the wall from the Defendant's [sic] side of the property, and to schedule depositions which they failed to do in a timely manner." *Id*. at 5-6. For this reason, Plaintiffs oppose the extension requested.

II.   **DISCUSSION**

The Court has inherent power to manage proceedings by ordering a stay of discovery. *Bacon v. Reyes*, Case No. 2:12-cv-01222-JCM, 2013 WL 5522263, at *5 (D. Nev. Oct. 3, 2013). A motion to stay discovery, while far from automatic, is appropriate (1) when issues before the Court in a motion are questions of law the outcomes of which are potentially case dispositive and (2) there is no need for further exploration of facts. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). The question of whether a stay is warranted is also guided by Rule 1 of the Federal Rules of Civil Procedure requiring the Rules to "'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Id.* With Rule 1 in mind, a court deciding on a motion to stay discovery considers "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id.* at 603.

The high likelihood that Defendants will file a dispositive motion pertaining to allegations and claims pleaded in Plaintiffs recently filed 85 page, third Amended Complaint militates in favor of granting Defendants' Motion. Obtaining medical records, taking depositions of treating providers, retaining experts, and producing expert reports are time consuming and expensive endeavors that may be limited or eliminated by virtue of the anticipated dispositive motion practice. Plaintiffs' intentional infliction of emotional distress claims are, for example, fertile ground for

discovery disputes as these claims, if they are ultimately litigated, will likely entail expert testimony at great cost to both parties. This is especially true given Plaintiffs' historical failure to provide the full extent of their medical records, despite claiming Defendants caused them "depression, paranoia, nightmares, and anxiety." ECF No. 59 at 14. The same is true for Plaintiffs' claims under the Americans with Disabilities Act, and the Nevada equivalent, which likely cannot be addressed without retaining experts. *Id.* at 12. Further, Plaintiffs previously represented they will not produce medical records without Court intervention, ECF No. 60 at 4-5, and have demonstrated an unwillingness to resolve discovery disputes without Court intervention. *See, e.g.*, *id.* at 5. In sum, the Court foresees immediate motion practice pertaining to Plaintiffs' third Amended Complaint the outcome of which may render unnecessary substantial expensive and time consuming discovery.

### III. ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' Joint Motion to Extend Stay of Discovery Entered on November 18, 2021 (ECF No. 64) is GRANTED.

IT IS FURTHER ORDERED that Defendants shall file a Notice with the Court, no later than **January 4, 2022**, advising whether they intend to file a dispositive motion addressing Plaintiffs' third Amended Complaint. If such motion is to be filed, the Court will issue a further order directing the parties to file a joint proposed discovery plan and scheduling order following a decision on Defendants' motion.

Dated this 28th day of December, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE